5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Usman Shehu SULE, Plaintiff-Appellant,
v.
Joseph H. CRABTREE, Warden, FCI Sheridan; Robert L.
Mathews, Director Bureau of Prisons, et al.,
Defendants-Appellees.
 No. 93-35224.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Usman Sule, a federal prisoner, appeals pro se the district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) of his action against the defendants, federal prison officials, for money damages.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 4
 Sule contends that he is unlawfully confined because the Bureau of Prisons ("BOP") "had no statutory authority to admit a 'person' to any facility or institution of the Bureau of Prisons, other than 18 U.S.C. Sec. 401 for a person held in civil contempt." The district court found, and we agree, that "contrary to the Plaintiff's assertion, the BOP's authority to house inmates is not limited to those defendants convicted of civil contempt under 18 U.S.C. Sec. 401." See, e.g., 18 U.S.C. Sec. 3621 (providing statutory authority under which inmates may be committed to the custody of the BOP); see also, 18 U.S.C. Sec. 4042 (BOP shall provide suitable quarters and provide for the protection of all persons convicted of offenses against the United States). Therefore, the district court did not err by holding that Sule's claim that the BOP's prison population must be limited to civil contemners lacked an arguable basis in law. See Neitzke, 490 U.S. at 324. Accordingly, the district court did not abuse its discretion by dismissing Sule's action as frivolous. Hernandez, 112 S.Ct. at 1734.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe this action for money damages against federal defendants as a Bivens action. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)